**JANE PAULSON,** OSB No. 91180
jane@paulsoncoletti.com
PAULSON COLETTI
1022 NW Marshall, Suite 450
Portland, Oregon 97209
Telephone: 503.226.6361

**PETER R. MERSEREAU,** OSB No. 732028
pmersereau@mershanlaw.com
MERSEREAU SHANNON LLP
One SW Columbia Street, Suite 1600
Portland, Oregon 97258-2089
Telephone: 503.226.6400
Facsimile: 503.226.0383

　　　Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OLIVIA TYLER-BENNETT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 3:16-cv-02300<br><br>COMPLAINT<br>(Medical Malpractice) |

Plaintiff Olivia Tyler-Bennett ("plaintiff") hereby alleges:

**NATURE OF THE ACTION AND PROCEDURAL HISTORY**

1.　　This is an action for medical malpractice arising out of care provided to the plaintiff by the La Clinica Del Valley Family Healthcare Center, Inc. ("La Clinica") and its employee, Karen Sauer, M.D. (Sauer") on or about August 27, 2012.

2.　　Plaintiff, born November 22, 1996, was a minor, raised by her mother, Hannah Tyler, and is a citizen of the State of Oregon, residing in Jackson County, Oregon, at all material

PAGE 1 -　　COMPLAINT

times.

3.   At all material times, La Clinica and Sauer were deemed by the Health Resources and Services Administration ("HRSA") to be employees of the Public Health Service ("PHS") pursuant to 42 USC §§ 233(g)-(n).

4.   On or about October 15, 2015, plaintiff filed a medical malpractice lawsuit in Jackson County Circuit Court against La Clinica, Sauer and others styled as *Olivia Tyler Bennett v. Asante dba Asante Rogue Regional Medical Center, Kenneth R. Buccino, M.D., La Clinica Del Valle Family Health Care Center, Inc., Francisco Paz, M.D., Karen Sauer, M.D., and Janet Strong, M.D.*, Case No. 15CV27848 (the "state lawsuit"). Thereafter, citing the fact that La Clinica and Sauer had been deemed to be employees of PHS as alleged above, the United States intervened and removed the state lawsuit to this court, contending that plaintiff's exclusive remedy was an action against the USA under the Federal Tort Claims Act. The removed case was captioned *Olivia Tyler Bennett v. La Clinica Del Valle Family Health Care Center, Inc., Karen Sauer, M.D.*, USDC Case No. 3:15-cv-02324-AC (the "removed case").

5.   In December, 2015, the USA moved to dismiss plaintiff's complaint, in part, on the ground that plaintiff had failed to exhaust her administrative remedies, as required under 28 USC § 2675(a).

6.   On March 2, 2016, based on the parties' stipulation, this court dismissed the removed case, without prejudice, and without fees or costs to any party.

7.   On or about March 3, 2016, plaintiff timely presented her administrative tort claim to the appropriate federal agency, which claim was deemed denied on or about September 3, 2016, since said agency had not taken action on the claim within the previous six months.

## JURISDICTION

8. This Court has subject matter jurisdiction over this lawsuit under 28 USC § 1331 in that plaintiff's claims arise under the Federal Tort Claims Act, 28 USC § 1346(b).

9. In light of the foregoing, plaintiff has exhausted her administrative remedies as required under 28 USC § 2675(a).

## VENUE

10. Venue is proper in this Court pursuant to 28 USC § 1391 because a substantial part of the events and omissions giving rise to the claims alleged in this Complaint occurred in the state of Oregon.

## FACTUAL BACKGROUND

11. On or about August 27, 2012, plaintiff was 15 years old and went to La Clinica with complaints of vomiting, fever and diarrhea for two days. Plaintiff was seen by Dr. Sauer who diagnosed gastroenteritis. She was prescribed Zofran and sent home.

12. On or about August 28, 2012, plaintiff was taken to the emergency clinic at the Asante Rogue Regional Medical Center in Medford, Oregon, with continued complaints of nausea and vomiting, where she was emergently intubated.

13. On or about September 5, 2012, plaintiff was transferred to OHSU in Portland, Oregon where she remained until she was discharged October 17, 2012. OHSU was uncertain as to the primary source of her infection and her presentation was complicated by the finding of Lemierre Syndrome which can develop as a complication of a bacterial sore throat infection.

14. At all material times, Dr. Sauer reassured Hannah Tyler and told her that she could not have diagnosed Lemierre Syndrome because it is so rare.

15. Plaintiff turned 18 on November 22, 2014 and 19 on November 22, 2015.

16. At all material times, La Clinica, by and through its employees, and Sauer, were

negligent in one or more of the following particulars:

    (a)    In failing to send plaintiff to the emergency room on August 27, 2012;

    (b)    In failing to hydrate plaintiff prior to sending her home; and

    (c)    In failing to make sure plaintiff could keep liquids down before sending her home.

17.    At all material times, La Clinica and its nurses were negligent in one or more of the following particulars:

    (a)    In failing to send plaintiff to the emergency room on August 27, 2012;

    (b)    In failing to hydrate plaintiff prior to sending her home; and

    (c)    In failing to make sure plaintiff could keep liquids down before sending her home.

18.    As a result of the negligence of La Clinica and Sauer as alleged hereinabove, plaintiff suffered permanent injuries to her vocal cords, permanent damage to her lungs, scarring to her esophagus, neck, stomach, chest and legs, bed sores, brain damage, anxiety related to swallowing and getting sick, causing permanent pain and suffering all to her non-economic damage in the sum of $10,000,000.

19.    As a further result of the negligence of La Clinica and Sauer alleged hereinabove, plaintiff's mother has incurred past medical expenses and care costs in the amount of $1,000,000 and will incur in the future reasonable and necessary medical expenses, therapies, treatment and household assistance in an amount to be determined, all to plaintiff's economic damage in the amount of $1,000,000 or in an amount to be determined at trial.

20.    Hannah Tyler hereby consents to the joining of the claim as parent for medical expenses in an amount to be determined at trial.

21.     Plaintiff did not and could not reasonably discover the facts giving rise to her medical malpractice claim set forth herein until after October 15, 2013.

WHEREFORE, plaintiff prays for judgment in her favor and against defendant in the sum of $10,000,000 non-economic damages, and the further sum of $1,000,000 in economic damages or in an amount to be determined at trial, together with her costs and disbursements incurred herein.

DATED: December 12, 2016.

        PAULSON COLETTI

        */s/ Jane Paulson*
        **JANE PAULSON,** OSB No. 91180
        jane@paulsoncoletti.com
        503.226.6361
            Of Attorneys for Plaintiff

        MERSEREAU SHANNON LLP

        */s/ Peter R. Mersereau*
        **PETER R. MERSEREAU,** OSB No. 732028
        pmersereau@mershanlaw.com
        503.226.6400
            Of Attorneys for Plaintiff